PLEASE CONFORM

TUCKER ELLIS LLP
MOLLIE F. BENEDICT SBN 187084
mollie.benedict@tuckerellis.com
JOSHUA J. WES SBN 238541
joshua.wes@tuckerellis.com
LAUREN H. BRAGIN SBN 286414
lauren.bragin@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone: 213.430.3400
Facsimile: 213.430.3409

Attorneys for Defendants
ETHICON, INC. and JOHNSON & JOHNSON

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| RICHARD McLAUGHLIN and EVE McLAUGHLIN,<br><br>Plaintiffs,<br><br>v.<br><br>JOHNSON & JOHNSON, a New Jersey Corporation; ETHICON, INC., a New Jersey Corporation; DENISE JOSEPH-BROWN, M.D.; and DOES 1-40, inclusive,<br><br>Defendants. | Case No. SACV14-00259 CJC (ANx)<br><br>[Removal from Superior Court of California, Orange County Case No. 30-2013-00693525]<br><br>**NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON**<br><br>State Action Filed: December 17, 2013<br><br>[Filed concurrently with Declaration of Joshua J. Wes and Certification as to Interested Parties] |

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)

972759.1

**TO THE CLERK OF THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendants Ethicon, Inc. and Johnson & Johnson ("Removing Defendants"), by and through undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. The United States District Court for the Central District of California has original subject matter jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,0000.00, exclusive of interest and costs. In support of removal, Removing Defendants further state:

1. On or about December 17, 2013, Plaintiffs Richard McLaughlin and Eve McLaughlin ("Plaintiffs") filed a Complaint styled *McLaughlin et al. v. Johnson & Johnson et al.* in the Superior Court of the State of California, County of Orange, Case No. 30-2013-00693525. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon and by Removing Defendants, including the Summons, Complaint, and Answers to Complaint, are attached as Exhibit A to the Declaration of Joshua J. Wes in Support of Removal ("Wes Decl."), filed concurrently herewith. Against Removing Defendants, Plaintiffs assert claims for negligence; strict liability – design defect; strict liability – manufacturing defect; strict liability – failure to warn; breach of express warranty; breach of implied warranty; loss of consortium; and punitive damages. (Compl. ¶¶ 39-85.) Against Defendant Denise Joseph-Brown, M.D., Plaintiffs assert a claim for professional medical negligence. (Compl. ¶¶ 86-93.)

2. Defendant Denise Joseph-Brown, M.D., is, upon information and belief, a citizen of the State of California. However, her presence does not defeat diversity of citizenship. She is fraudulently joined because the claims against her are time-barred based on the allegations of the complaint. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998).

## I. REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1332(A).

3. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. The Amount in Controversy Requirement Is Satisfied.

4. Pursuant to 28 U.S.C. § 1446(c)(2)(B), removal is proper if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.[1]

5. It is facially evident from the Complaint that as to each Plaintiff, the amount in controversy exceeds $75,000.00. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373 (9th Cir. 1997). A removing defendant need only show that the amount in controversy "more likely than not" exceeds the jurisdictional minimum of $75,000.00. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). When the amount in controversy is not specified in the complaint, the court may consider the facts alleged in the complaint as well as in the notice of removal. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002).

6. Plaintiffs have alleged that as a result of his hernia mesh implant on December 30, 2011, Plaintiff Richard McLaughlin has "been forced to undergo extensive medical treatment, including but not limited to, operations to locate and remove mesh, operations to attempt to repair hernias and/or recurrent hernias, tissue [] and nerve damage, the use of pain control and other medications, infections and neuro stimulators."

---

[1] The preponderance of the evidence standard was announced in the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758. According to the House Report accompanying the bill, "circuits have adopted differing standards governing the burden of showing that the amount in controversy is satisfied. The 'sum claimed' and 'legal certainty' standards that govern the amount in controversy requirement when a plaintiff originally files in Federal court have not translated well to removal, where the plaintiff often may not have been permitted to assert in state court a sum claimed or, if asserted, may not be bound by it." H.R. Rep. No. 112-10, at 15 (2011). Accordingly, "the defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met. Rather, defendants may simply allege or assert that the jurisdictional threshold has been met." *Id.* at 16.

(Compl. ¶ 31). He alleges to have undergone a removal surgery on or about June 11, 2013. *Id.* In addition, he alleges "significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial and/or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages." (Compl. ¶ 38). Plaintiffs request compensatory damages "for past, present, and future damages, including, but not limited to, pain and suffering for severe and permanent personal injuries . . . and medical care costs" as well as other economic and noneconomic damages. (Compl., p. 22).

7.   It is plain based on these allegations that the amount in controversy exceeds the $75,000 jurisdictional threshold. *See, e.g., In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"). *See, e.g., McPhail v. Deere Co.*, 529 F.3d 947, 955 (10th Cir. 2008) (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy established by "alleged damages for property, travel expenses, and emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation and her temporary inability to do housework.")).

8.   In addition, Plaintiffs seek punitive damages. (Compl. ¶ 74-85.) "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

9.   Other cases brought by plaintiffs alleging similar severe pain, infection, and corrective surgeries have resulted in verdicts in excess of $75,000.00, exclusive of interest and costs. (Wes Decl. ¶ 4, Exhibits B and C.) Given the similarity between the injuries alleged in other cases and the injuries alleged by Plaintiffs here, and based on defense counsel's experience defending products liability actions, it is facially evident from the Complaint that Plaintiffs have placed in excess of $75,000.00 in controversy, exclusive of interest and costs. (*Id.*)

10. Thus, on the face of Complaint, the amount in controversy requirement is satisfied.

**B.    Complete Diversity of Citizenship Exists.**

11. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Johnson & Johnson is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in New Brunswick, New Jersey. (Compl. ¶ 2; Wes Decl. ¶ 5).

12. For purposes of determining its citizenship under 28 U.S.C. § 1332(c)(1), Defendant Ethicon, Inc. is a citizen of the State of New Jersey because it is incorporated in the State of New Jersey and has its principal place of business in Somerville, New Jersey. (Compl. ¶ 3; Wes Decl. ¶ 6).

13. The citizenship of the John Doe defendants shall not be considered for purposes of determining diversity jurisdiction, as these are fictitious defendants. See 28 U.S.C. § 1441(b) ("[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

14. The citizenship of Defendant Denise Joseph-Brown, M.D. ("Dr. Joseph-Brown") should be disregarded because, as explained below, she is fraudulently joined in this action.

**C.    Dr. Joseph-Brown Does Not Defeat Diversity Jurisdiction Because She Is Fraudulently Joined.**

15. Dr. Joseph-Brown is improperly joined in this action because the claim against her is time-barred.

16. Joinder is fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citations and internal quotation marks omitted) (alteration in original). As the Ninth Circuit has held, a co-

defendant is fraudulently joined where the claims against it are time-barred. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998).

17. Plaintiffs' claims against Dr. Joseph-Brown are governed by Cal. Code Civ. Proc. § 340.5. That statute provides: "In an action for injury or death against a health care provider based upon such person's alleged professional negligence, the time for the commencement of action shall be three years after the date of injury or one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the injury, whichever occurs first." *Id.*

18. In their Complaint, Plaintiffs allege that Mr. McLaughlin was implanted with hernia mesh on December 30, 2011. (Compl. ¶ 88). "Subsequent to the implantation of the Product, [he] developed groin pain, back pain, neuropathy, and dysfunction of his lower extremities, the cause of which was not disclosed to him." *Id.* However, Plaintiffs specifically allege that on September 17, 2012, Mr. McLaughlin "was informed by Scott Martin, M.D., that the cause of his injury was that defendant, DENISE JOSEPH-BROWN, M.D., had caused the injury by damaging a nerve with the instrumentation used during the procedure." (Compl. ¶ 89).

19. Accordingly, by the Plaintiffs' own judicial admission, the injury was discovered on September 17, 2012. Thus, pursuant to Cal. Code Civ. Proc. § 340.5, Plaintiffs' Complaint must have been filed by September 17, 2013.

20. Under Code of Civil Procedure section 364, a plaintiff must serve a Notice of Intent to Sue at least 90 days prior to commencing an action against a healthcare provider for professional negligence. Cal. Code Civ. Proc. § 364(a). That section provides, "[i]f the notice is served within 90 days of the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended 90 days from the service of the notice." Cal. Code Civ. Proc. § 364(d). Plaintiffs' Complaint alleges "[a]s to Defendant, DENISE JOSEPH-BROWN, M.D., Plaintiffs timely gave notice of their intention to commence the instant action pursuant to C.C.P.

Section 364." (Compl. ¶ 5). Assuming Plaintiffs gave notice at the latest possible time, their claim became time barred 1 year, 90 days after the discovery of the injury.

21. Plaintiffs' Complaint was filed on December 17, 2013, 1 year and 91 days after Plaintiffs allege the injury was discovered. Thus, Plaintiffs' claim was filed at least one day late.

22. Numerous courts, including the Ninth Circuit, have held that a co-defendant is fraudulently joined where the claims against it are barred by the statute of limitations. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1320 (9th Cir. 1998) (holding that claims against co-defendants were barred by California statute of limitations, which "demonstrates beyond peradventure that they were sham defendants for purposes of removal"); *see also In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006) ("If a district court can discern, as a matter of law, that a cause of action is time-barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant."); *Casper v. Mony Life Ins. Co. of Am.*, No. 4:05CV1942, 2005 WL 3465677, *3 (E.D. Mo. Dec. 19, 2005) ("where the facts as alleged in the Complaint clearly show that a claim is time-barred, that no question of fact concerning application of the statute of limitations exists, a court may properly consider a statute of limitations defense in determining fraudulent joinder"). As another court in this district has noted, "[w]hen the statute of limitations bars a claim, the Ninth Circuit holds joinder to be fraudulent without regard to motive." *Jacobs v. Philip Morris, Inc.*, 2003 WL 23342334, *5 (C.D. Cal. Sept. 4, 2003) (denying remand where claims against non-diverse defendant were time-barred).

23. Because the claim against Dr. Joseph-Brown are time-barred based on the allegations of the Complaint, she is fraudulently joined as a matter of law. Her citizenship therefore does not defeat diversity of citizenship jurisdiction.

///
///
///
///

## II. REMOVING DEFENDANTS HAVE SATISFIED THE PROCEDURAL AND VENUE REQUIREMENTS FOR REMOVAL

24. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon and by Removing Defendants are attached as Exhibit A to the Declaration of Joshua J. Wes.

25. Orange County, California, is located within the Central District of California, Southern Division, *see* 28 U.S.C. § 84(c)(3), and, venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Central District of California, Southern Division, is the "district and division embracing the place where such action is pending."

26. Service upon Ethicon, Inc. and Johnson & Johnson was completed on February 2, 2014. Therefore, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

27. The consent to removal of Dr. Joseph-Brown is not required because she is fraudulently joined. *See United Computer Sys., Inc. v. AT&T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) (holding consent requirement "does not apply to nominal, unknown or fraudulently joined parties") (internal quotation marks omitted).

28. No previous application has been made for the relief requested herein.

29. Immediately following the filing of this Notice of Removal, written notice of the filing of this Notice will be delivered to Plaintiffs' counsel, as required by 28 U.S.C. § 1446(d).

30. Removing Defendants will promptly file a copy of this Notice with the Clerk of Court in the Superior Court of the State of California, County of Orange, as required by 28 U.S.C. § 1446(d).

31. By removing this action to this Court, Removing Defendants do not waive any defenses, objections, or motions available under state or federal law. Removing Defendants expressly reserve the right to move for dismissal of some or all of Plaintiffs' claims pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, Ethicon, Inc. and Johnson & Johnson give notice that the matter bearing civil action number 30-2013-00693525 in the Superior Court of the State of California, County of Orange, is removed to this Court pursuant to 28 U.S.C. §§ 1441 et seq. Removing Defendants respectfully request that this Court retain jurisdiction over all further proceedings in this matter.

DATED: February 21, 2014        Tucker Ellis LLP

By:  /s/ Joshua J. Wes
     Joshua J. Wes
     Attorneys for Defendants
     ETHICON, INC. and JOHNSON &
     JOHNSON

9
NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(B) (DIVERSITY)
972759.1

# CERTIFICATE OF SERVICE

I, Cynthia M. Harris, declare that I am a citizen of the United States and a resident of Los Angeles, California or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is Tucker Ellis LLP, 515 South Flower Street, Forty-Second Floor, Los Angeles, California 90071-2223.

On **February 22, 2014**, I served the following: **NOTICE OF REMOVAL UNDER 28 U.S.C. § 1441(B) (DIVERSITY) OF DEFENDANTS ETHICON, INC. AND JOHNSON & JOHNSON** on the interested parties in this action by:

(X)  **ELECTRONICALLY VIA ECF:** the above-entitled document to be served electronically through the United States District Court, Central District ECF website, addressed to all parties appearing on the Court's ECF service list. A copy of the "Filing Receipt" page will be maintained with the original document in our office.

(X)  **U. S. MAIL:** I placed a copy in a separate envelope, with postage fully prepaid, addressed as follows:

Bruce M. Brusavich, Esq.
Tobin D. Ellis, Esq.
AGNEW BRUSAVICH
20355 Hawthorne Boulevard
Torrance, CA 90503
*Attorneys for Plaintiffs*

Douglas A. Amo, Esq.
SCHMID & VOILES
333 City Blvd W, Suite 2000
Orange, CA 92868
*Attorneys for Defendant Denise Joseph-Brown, M.D.*

for collection and mailing on the below indicated day following the ordinary business practices at Tucker Ellis LLP. I certify I am familiar with the ordinary business practices of my place of employment with regard to collection for mailing with the United States Postal Service. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit or mailing affidavit.

(X)  I declare that I am employed in the office of the Bar of this Court at whose direction the service was made.

Executed on **February 21, 2014**, at Los Angeles, California

/s/ Cynthia M. Harris

CYNTHIA M. HARRIS

CERTIFICATE OF SERVICE

972759.1

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I. (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Richard McLaughlin and Eve McLaughlin

**DEFENDANTS** (Check box if you are representing yourself ☐)
Johnson & Johnson, Ethicon, Inc., Denise Joseph-Brown, M.D., and Does 1-40

**(b) County of Residence of First Listed Plaintiff** Orange
(EXCEPT IN U.S. PLAINTIFF CASES)

**County of Residence of First Listed Defendant** Middlesex County, New Jersey
(IN U.S. PLAINTIFF CASES ONLY)

**(c) Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Bruce M. Brusavich, Esq.
Tobin D. Ellis, Esq.
AGNEW BRUSAVICH
20355 Hawthorne Boulevard, 2d Floor, Torrance, CA 90503
310-793-1400
(Attorneys for Plaintiffs)

**Attorneys** (Firm Name, Address and Telephone Number) If you are representing yourself, provide the same information.
Mollie F. Benedict, Esq.
Joshua J. Wes, Esq.
TUCKER ELLIS LLP
515 S. Flower Street, 42nd Floor
Los Angeles, CA 90071
213-430-3400
(Attorneys for Defendants Ethicon, Inc. and Johnson & Johnson)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1. U.S. Government Plaintiff
- ☐ 2. U.S. Government Defendant
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1. Original Proceeding
- ☒ 2. Removed from State Court
- ☐ 3. Remanded from Appellate Court
- ☐ 4. Reinstated or Reopened
- ☐ 5. Transferred from Another District (Specify)
- ☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)
**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is a civil action between diverse parties and is removable under 28 U.S.C. Sections 1332, 1441, and 1446.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | Habeas Corpus: | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | ☐ 530 General | SOCIAL SECURITY |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | Other: | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | BANKRUPTCY | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 560 Civil Detainee Conditions of Confinement | FEDERAL TAX SUITS |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE/PENALTY | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | LABOR | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☒ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | REAL PROPERTY | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | | ☐ 445 American with Disabilities-Employment | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 448 Education | ☐ 790 Other Labor Litigation | |
| | | | | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: SACV14-00259 CJC (ANx)

CV-71 (11/13)     CIVIL COVER SHEET     Page 1 of 3

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court?<br>☒ Yes ☐ No<br>If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☒ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| Question B: Is the United States, or one of its agencies or employees, a party to this action?<br>☐ Yes ☐ No<br>If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims?<br>(Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

C.1. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

C.2. Is either of the following true? If so, check the one that applies:

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Southern |

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

IX(a). **IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

IX(b). **RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT): /s/ Joshua J. Wes         DATE: February 20, 2014
Joshua J. Wes (SBN 238541)

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE OF ASSIGNMENT TO UNITED STATES JUDGES

This case has been assigned to District Judge _____Cormac J. Carney_____ and the assigned Magistrate Judge is _____Arthur Nakazato_____ .

The case number on all documents filed with the Court should read as follows:

**SACV14-00259 CJC (ANx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge.

Clerk, U. S. District Court

February 21, 2014          By   Lori Wagers
Date                            Deputy Clerk

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

**Subsequent documents must be filed at the following location:**

- ☐ Western Division
  312 N. Spring Street, G-8
  Los Angeles, CA 90012

- ☒ Southern Division
  411 West Fourth St., Ste 1053
  Santa Ana, CA 92701

- ☐ Eastern Division
  3470 Twelfth Street, Room 134
  Riverside, CA 92501

**Failure to file at the proper location will result in your documents being returned to you.**