FILED

2014 MAR 14  PM 1:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____ mar _____

1  Gerald E. Agnew, Jr., State Bar No. 60401
2  geagnew@gmail.com
   Tobin D. Ellis, State Bar No. 203110
3  ellis@agnewbrusavich.com
   **AGNEW**BRUSAVICH
4  A Professional Corporation
   20355 Hawthorne Boulevard
5  Second Floor
   Torrance, California  90503
6  (310) 793-1400
7
   Attorneys for Plaintiffs
8
               UNITED STATES DISTRICT COURT
9
             CENTRAL DISTRICT OF CALIFORNIA
10
                  SOUTHERN DIVISION
11

12

13  RICHARD McLAUGHLIN and EVE)    CASE NO. 8:14-cv-00259-CJC-AN
    McLAUGHLIN,                  )
14                               )    ASSIGNED FOR ALL PURPOSES
                                 )    TO:
15              Plaintiffs,      )    THE HONORABLE CORMAC J.
                                 )    CARNEY - COURTROOM "9B"
16  vs.                          )
                                 )
17                               )    **PLAINTIFFS' FIRST AMENDED**
    JOHNSON & JOHNSON, a New Jersey)  **COMPLAINT FOR:**
18  Corporation; ETHICON, INC., a New)
    Jersey Corporation; DENISE JOSEPH-) **1.   NEGLIGENCE;**
19  BROWN, M.D.; and DOES 1-40,)   **2.   STRICT LIABILITY –**
    inclusive,                   )         **DESIGN DEFECT;**
20                               )    **3.   STRICT LIABILITY –**
                                 )         **MANUFACTURING**
21              Defendants.      )         **DEFECT;**
    _____)    **4.   STRICT LIABILITY –**
22                                         **FAILURE TO WARN**
23                                    **5.   BREACH OF EXPRESS**
                                           **WARRANTY;**
24                                    **6.   BREACH OF IMPLIED**
                                           **WARRANTY;**
25                                    **7.   LOSS OF CONSORTIUM;**
                                           **and**
26                                    **8.   PROFESSIONAL**
27                                         **NEGLIGENCE -**
                                           **MEDICAL**
28

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: cb@agnewbrusovich.com

1

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ab@agnewbrusavich.com

**DEMAND FOR TRIAL BY JURY**

Date Action Filed:        12/17/13

COME NOW, RICHARD McLAUGHLIN and EVE McLAUGHLIN, as Plaintiffs herein, who hereby file this Complaint, showing the Court as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs, RICHARD McLAUGHLIN and EVE McLAUGHLIN, at all relevant times herein, were and are citizens of the State of California, County of Orange.

2.      Defendant JOHNSON & JOHNSON ("Defendant" and/or "J&J") is a New Jersey corporation with its principal place of business in New Jersey.  All acts and omissions of Defendants as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

3.      Defendant ETHICON, INC. ("Defendant" and/or "ETHICON") is a New Jersey corporation with its principal place of business in New Jersey.  All acts and omissions of ETHICON as described herein were done by its agents, servants, employees and/or owners, acting in the course and scope of their respective agencies, services, employments and/or ownership.

4.      Defendant,   DENISE JOSEPH-BROWN, M.D., is a physician and surgeon, licensed by the Medical Board of the State of California, (License Number G 66679) and who works in and renders medical services in the City of Los Alamitos, State of California.

PLAINTIFFS' FIRST AMENDED COMPLAINT

5.     As to Defendant, DENISE JOSEPH-BROWN, M.D., Plaintiffs timely gave notice of their intention to commence the instant action pursuant to C.C.P. Section 364.  Plaintiffs further allege that at some time during the applicable statute of limitations, Defendant, DENISE JOSEPH-BROWN, M.D., was absent from the State of California, thereby tolling the applicable statute of limitations pursuant to California law, C.C.P. Section 351, and thereby making the Complaint in this matter timely.

6.     Plaintiffs do not know the true names or identities of the Defendants sued herein as Does 1-50.  Plaintiffs allege that each of these fictitiously named Defendants may be responsible in some manner for the occurrences herein alleged, whether as a manufacturer or distributor of hernia system mesh, or in some other capacity, and caused the injuries and damages sustained by Plaintiffs herein alleged. At all times alleged herein, use of the collective term "Defendants" refers to the Defendants as well as Defendant Does 1-100.  Plaintiffs will amend this Complaint when the true names and capacities of said fictitiously named defendants are ascertained.

7.     At all times mentioned herein, defendant Does 51 through 100, inclusive, were physicians, surgeons, nurses, healing arts practitioners, and administrative personnel duly licensed in the State of California and were holding themselves out to the public in general, and to plaintiffs, as qualified in those areas of medicine, nursing and the healing arts when they performed services on behalf of plaintiff.

8.     The true names and capacities, whether individual, corporate, associate or otherwise of defendants Does 1 through 100, inclusive, are not known to plaintiffs, who therefore sue these defendants by such fictitious names and will amend this

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

complaint to show their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon alleges, that each of the fictitiously named defendants were negligent, reckless, careless or otherwise legally responsible in some manner for the occurrences alleged in this complaint, and that plaintiffs' damages as alleged in this complaint were legally caused by such acts or omissions.

## FACTUAL BACKGROUND

9.     Plaintiffs incorporate by reference paragraphs 1-8 of this Complaint as if fully set forth herein.

10.     Defendants, J&J and ETHICON, designed, manufactured, packaged, labeled, marketed, sold, and distributed the polypropylene, prolene mesh hernia system products, including those which were implanted in Plaintiff, RICHARD McLAUGHLIN, giving rise to the claims asserted herein.

11.     Plaintiff RICHARD McLAUGHLIN was implanted with the polypropylene prolene hernia  mesh system, (hereinafter the "Product") during surgery performed by DENISE JOSEPH-BROWN, MD at the Los Alamitos Medical Center, Los Alamitos, California, on or about December 30, 2011. The Product was implanted in Plaintiff to treat his hernia, the use for which the Product was designed, marketed and/or sold.

12.     Due to the Product's defects, Defendants' negligence, and Defendants', J&J and ETHICON's, breach of express and implied warranties as described herein, Plaintiff, RICHARD McLAUGHLIN, suffered severe and permanent bodily injuries and significant mental and physical pain, suffering, and economic loss.

13.     Defendants, J&J and ETHICON, knew or should have known that the

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ab@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Product unreasonably exposed patients to the risk of serious harm while conferring no benefit over available feasible alternatives that do not involve the same risks.

14.    The scientific evidence shows that the polypropylene material from which the Product is made is biologically incompatible with human tissue and promotes a negative immune response in a large subset of the population implanted with the Products, including Plaintiff.

15.    This negative response promotes inflammation of the hernia tissue and contributes to the formation of severe adverse reactions to the mesh, such as those experienced by Plaintiff, RICHARD McLAUGHLIN.

16.    The Product was unreasonably susceptible to shrinkage and contraction inside the body.

17.    The Product was unreasonably susceptible to "creep" or the gradual elongation and deformation when subject to prolonged tension inside the body.

18.    The Product has been, and continues to be marketed to the medical community and to patients as a safe, effective, reliable, medical device, implanted by safe and effective, minimally invasive surgical techniques, and as safer and more effective as compared to available feasible alternative treatments for hernias, and other competing products.

19.    Defendants, J&J and ETHICON, omitted the risks, dangers, defects, and disadvantages of the Product, and advertised, promoted, marketed, sold and distributed the Product as a safe medical device when they knew or should have known that the Products were not safe for their intended purposes, and that the Product would cause, and did cause, serious medical problems, and in some patients, including Plaintiff, catastrophic injuries.

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ab@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

20.     Contrary to Defendants', J&J and ETHICON's, representations and marketing to the medical community and to the patients themselves, the Product has a high rate of failure, injury, and complication; it fails to perform as intended, requires frequent and often debilitating re-operations, and has caused severe and irreversible injuries, conditions, and damage to a significant number of patients, including Plaintiff, RICHARD McLAUGHLIN, making it defective under the law.

21.     The specific nature of the Product's defects include, but are not limited to, the following:

a.     the use of polypropylene material in the Product and the immune reaction that results from such material, causing adverse reactions and injuries;

b.     the design of the Product to be inserted into and through an area of the body with high levels of bacteria that can adhere to the mesh causing immune reactions and subsequent tissue breakdown and adverse reactions and injuries;

c.     biomechanical issues with the design of the Product, including, but not limited to, the propensity of the Product to contract or shrink inside the body, that in turn causes surrounding tissue to be inflamed, become fibrotic, and contract, resulting in injury;

d.     adverse reactions to the mesh, adhesions, injuries to nearby organs, nerves or blood vessels, and complications including infection, chronic pain and hernia recurrence.

e.     the propensity of the Product for "creep," or to gradually elongate and deform when subject to prolonged tension inside the body;

f.     the inelasticity of the Product, causing it to be improperly mated to where they are implanted, and causing pain upon normal daily activities; and

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: obi@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

g. the propensity of the Product for degradation or fragmentation over time, which causes a chronic inflammatory and fibrotic reaction, and results in continuing injury over time.

22. The Product is also defective due to Defendants', J&J and ETHICON's, failure to adequately warn or instruct Plaintiff and/or his health care providers of subjects including, but not limited to, the following:

a. the Product's propensity to contract, retract, and/or shrink inside the body;

b. the Product's propensity for degradation, fragmentation and/or creep;

c. the Product's inelasticity preventing proper mating with the hernia floor and vaginal region;

d. the rate and manner of mesh erosion or extrusion;

e. The risk of chronic inflammation resulting from the Product;

f. the risk of chronic infections resulting from the Product;

g. the risk of permanent scarring as a result of the Product;

h. the risk of recurrent hernias, intractable hernia pain, and other pain resulting from the Product;

i. the need for corrective or revision surgery to adjust or remove the Product;

j. the severity of complications that could arise as a result of implantation of the Product;

k. the hazards associated with the Product;

l. the Product's defects described herein;

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

m.     treatment of hernias with the Product is no more effective than feasible available alternatives;

n.     treatment of hernias with the Product exposes patients to greater risk than feasible available alternatives;

o.     treatment of hernias with the Product makes future surgical repair more difficult than feasible available alternatives;

p.     use of the Product puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

q.     removal of the Product due to complications may involve multiple surgeries and may significantly impair the patient's quality of life; and

r.     complete removal of the Product may not be possible and may not result in complete resolution of the complications, including pain.

23.     Defendants, J&J and ETHICON, have underreported information about the propensity of the Product to fail and cause injury and complications, and have made unfounded representations regarding the efficacy and safety of the Product through various means and media.

24.     Defendants, J&J and ETHICON, failed to perform proper and adequate testing and research in order to determine and evaluate the risks and benefits of the Product.

25.     Defendants, J&J and ETHICON, failed to design and establish a safe, effective procedure for removal of the Product, or to determine if a safe, effective procedure for removal of the Product exists.

26.     Feasible and suitable alternatives to the Product have existed at all times relevant that do not present the same frequency or severity of risks as do the Product.

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ab@agnewbrusavich.com

8

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

27.    The Product was at all times utilized and implanted in a manner foreseeable to Defendants, J&J and ETHICON, as Defendants generated the instructions for use, created the procedures for implanting the devices, and trained implanting physicians.

28.    Defendants, J&J and ETHICON, provided incomplete and insufficient training and information to physicians regarding the use of the Product and the aftercare of patients implanted with the Products.

29.    The Product implanted in Plaintiff, RICHARD McLAUGHLIN, was in the same or substantially similar condition as when it left J&J and ETHICON's possession, and in the condition directed by and expected by Defendants.

30.    The injuries, conditions, and complications suffered by numerous people around the world who have been implanted with the Product include, but is not limited to, erosion, mesh contraction, infection, fistula, inflammation, scar tissue, organ perforation, blood loss, neuropathic and other acute and chronic nerve damage and pain, and chronic hernia pain.

31.    In many cases, including Plaintiff, RICHARD McLaughlin's, the patients have been forced to undergo extensive medical treatment, including, but not limited to, operations to locate and remove mesh, operations to attempt to repair hernias and/or recurrent hernias, tissue, and nerve damage, the use of pain control and other medications, injections and neuro stimulators.  RICHARD McLaughlin, underwent such procedures, and on or about June 11, 2013, he had a procedure to remove the Product, after which he learned that Product was a cause and/or contributing factor of his medical problems.

32.    The medical and scientific literature studying the effects of

9

polypropylene mesh, like that of the Product at issue herein, has examined each of these injuries, conditions, and complications, and has reported that they are causally related to the Product.

33.     Removal of contracted, eroded and/or infected mesh can require multiple surgical interventions for removal of mesh and results in scarring on fragile compromised hernia tissue and muscles.

34.     At all relevant times herein, Defendants, J&J and ETHICON, continued to promote the Product as safe and effective, even when no clinical trials had been done supporting long- or short-term efficacy.

35.     In doing so, Defendants, J&J and ETHICON, failed to disclose the known risks and failed to warn of known or scientifically knowable dangers and risks associated with the Product.

36.     At all relevant times herein, Defendants, J&J and ETHICON, failed to provide sufficient warnings and instructions that would have put Plaintiffs, and the general public, on notice of the dangers and adverse effects caused by implantation of the Product.

37.     The Product as designed, manufactured, distributed, sold and/or supplied by Defendants, J&J and ETHICON, were defective as marketed due to inadequate warnings, instructions, labeling and/or inadequate testing in the presence of Defendants' knowledge of lack of safety.

38.     As a result of having the Product implanted in him, Plaintiff, RICHARD McLaughlin, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial and/or economic loss, including, but not

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

limited to, obligations for medical services and expenses, lost income, and other damages.

## FIRST CAUSE OF ACTION

### FOR NEGLIGENCE

**(By Plaintiff, RICHARD McLaughlin, Against**

**J&J, ETHICON, & DOES 1-50)**

39.     Plaintiffs incorporate by reference paragraphs 1-38 of this Complaint as if fully set forth herein.

40.     Defendants had a duty to individuals, including Plaintiff, RICHARD McLaughlin, to use reasonable care in designing, manufacturing, marketing, labeling, packaging and selling the Product.

41.     Defendants were negligent in failing to use reasonable care as described herein in designing, manufacturing, marketing, labeling, packaging and selling the Product.  Defendants breached their aforementioned duty by:

a.     Failing to design the Product so as to avoid an unreasonable risk of harm to persons in whom the Product was implanted, including Plaintiff;

b.     Failing to manufacture the Product so as to avoid an unreasonable risk of harm to persons in whom the Product was implanted, including Plaintiff;

c.     Failing to use reasonable care in the testing of the Product so as to avoid an unreasonable risk of harm to persons in whom the Product was implanted, including Plaintiff;

d.     Failing to use reasonable care in inspecting the Product so as to avoid an unreasonable risk of harm to persons in whom the Product was implanted, including Plaintiff;

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

e.       Otherwise negligently or carelessly designing, manufacturing, marketing, labeling, packaging and/or selling the Product.

42.     The reasons that Defendants' negligence caused the Product to be unreasonably dangerous and defective include, but are not limited to:

a.       the use of polypropylene material in the Product and the immune reaction that results from such material, causing adverse reactions and injuries;

b.       the design of the Product to be inserted into and through an area of the body with high levels of bacteria that adhere to the mesh causing immune reactions and subsequent tissue breakdown and adverse reactions and injuries;

c.       biomechanical issues with the design of the Products, including, but not limited to, the propensity of the Product to contract or shrink inside the body, that in turn cause surrounding tissue to be inflamed, become fibrotic, and contract, resulting in injury;

d.       adverse reactions to the mesh, adhesions, injuries to nearby organs, nerves or blood vessels, and complications including infection, chronic pain and hernia recurrence.

e.       the propensity of the Product for "creep," or to gradually elongate and deform when subject to prolonged tension inside the body;

f.       the inelasticity of the Product, causing it to be improperly mated to where it is implanted, and causing pain upon normal daily activities; and

g.       the propensity of the Product for degradation or fragmentation over time, which causes a chronic inflammatory and fibrotic reaction, and results in continuing injury over time.

43.     Defendants also negligently failed to warn or instruct Plaintiff, and/or

12

his health care providers, of subjects including, but not limited to, the following:

    a.    the Product's propensity to contract, retract, and/or shrink inside the body;

    b.    the Product's propensity for degradation, fragmentation and/or creep;

    c.    the Product's inelasticity preventing proper mating with tissue;

    d.    the rate and manner of mesh erosion or extrusion;

    e.    The risk of chronic inflammation resulting from the Product;

    f.    the risk of chronic infections resulting from the Product;

    g.    the risk of permanent scarring as a result of the Product;

    h.    the risk of recurrent hernias, intractable hernia pain and other pain resulting from the Product;

    i.    the need for corrective or revision surgery to adjust or remove the Product;

    j.    the severity of complications that could arise as a result of implantation of the Product;

    k.    the hazards associated with the Product;

    l.    the Product's defects described herein;

    m.    treatment of hernias with the Product is no more effective than feasible available alternatives;

    n.    treatment of hernias with the Product exposes patients to greater risk than feasible available alternatives;

    o.    treatment of hernia with the Product makes future surgical repair more difficult than feasible available alternatives;

PLAINTIFFS' FIRST AMENDED COMPLAINT

p.    use of the Product puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

q.    removal of the Product due to complications may involve multiple surgeries and may significantly impair the patient's quality of life; and

r.    complete removal of the Product may not be possible and may not result in complete resolution of the complications, including pain.

44.    As a direct and proximate result of Defendants' negligence, Plaintiff, RICHARD McLaughlin, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial and/or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## SECOND CAUSE OF ACTION
## FOR STRICT LIABILITY – DESIGN DEFECT
### (By Plaintiff, RICHARD McLaughlin, Against
### J&J, ETHICON, & DOES 1-50)

45.    Plaintiffs incorporate by reference paragraphs 1-44 of this Complaint as if fully set forth herein.

46.    The Product implanted in Plaintiff, RICHARD McLaughlin, was not reasonably safe for its intended use and was defective as described herein with respect to their design. As previously stated, the Product's design defects include, but are not limited to:

a.    the use of polypropylene material in the Product and the immune

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ob@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

reaction that results from such material, causing adverse reactions and injuries;

b.     the design of the Product to be inserted into and through an area of the body with high levels of bacteria that adhere to the mesh causing immune reactions and subsequent tissue breakdown and adverse reactions and injuries;

c.     biomechanical issues with the design of the Product, including, but not limited to, the propensity of the Product to contract or shrink inside the body, that in turn causes surrounding tissue to be inflamed, become fibrotic, and contract, resulting in injury;

d.     adverse reactions to the mesh, adhesions, injuries to nearby organs, nerves or blood vessels, and complications including infection, chronic pain and hernia recurrence.

e.     the propensity of the Product for "creep," or to gradually elongate and deform when subject to prolonged tension inside the body;

f.     the inelasticity of the Product, causing it to be improperly mated to the areas where implanted, and causing pain upon normal daily activities; and

g.     the propensity of the Products for degradation or fragmentation over time, which causes a chronic inflammatory and fibrotic reaction, and results in continuing injury over time.

47.     As a direct and proximate result of the Product's aforementioned defects as described herein, Plaintiff, RICHARD McLaughlin, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ob@agnewbrusavich.com

48.     Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

## THIRD CAUSE OF ACTION

### FOR STRICT LIABILITY – MANUFACTURING DEFECT

### (By Plaintiff, RICHARD McLaughlin, Against

### J&J, ETHICON & DOES 1-50)

49.     Plaintiffs incorporate by reference paragraphs 1-48 of this Complaint as if fully set forth herein.

50.     The Product implanted in Plaintiff, RICHARD McLaughlin, were not reasonably safe for their intended uses and were defective as described herein as a matter of law with respect to their manufacture, in that they deviated materially from Defendant's design and manufacturing specifications in such a manner as to pose unreasonable risks of serious bodily harm to said Plaintiff.

51.     As a direct and proximate result of the Product's aforementioned defects as described herein, Plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

52.     Defendants are strictly liable to Plaintiffs for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

///

///

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ob@agnewbrusavich.com

16

# FOURTH CAUSE OF ACTION

## FOR STRICT LIABILITY – FAILURE TO WARN

### (By Plaintiff, RICHARD McLaughlin, Against

### J&J, ETHICON & DOES 1-50)

53.    Plaintiffs incorporate by reference paragraphs 1-52 of this Complaint as if fully set forth herein.

54.    The Product implanted in Plaintiff was not reasonably safe for its intended use and was defective as described herein as a matter of law due to their lack of appropriate and necessary warnings.  Specifically, Defendants did not provide sufficient or adequate warnings regarding, among other subjects:

a.    the Product's propensity to contract, retract, and/or shrink inside the body;

b.    the Product's propensity for degradation, fragmentation and/or creep;

c.    the Product's inelasticity preventing proper mating with tissue;

d.    the rate and manner of mesh erosion or extrusion;

e.    The risk of chronic inflammation resulting from the Product;

f.    the risk of chronic infections resulting from the Product;

g.    the risk of permanent scarring as a result of the Product;

h.    the risk of recurrent hernias, intractable hernia pain and other pain resulting from the Product;

i.    the need for corrective or revision surgery to adjust or remove the Product;

j.    the severity of complications that could arise as a result of

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ob@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

implantation of the Product;

   k. the hazards associated with the Product;

   l. the Product's defects described herein;

   m. treatment of hernias with the Product is no more effective than feasible available alternatives;

   n. treatment of hernias with the Product exposes patients to greater risk than feasible available alternatives;

   o. treatment of hernias with the Product makes future surgical repair more difficult than feasible available alternatives;

   p. use of the Product puts the patient at greater risk of requiring additional surgery than feasible available alternatives;

   q. removal of the Product due to complications may involve multiple surgeries and may significantly impair the patient's quality of life; and

   r. complete removal of the Product may not be possible and may not result in complete resolution of the complications, including pain.

 55. As a direct and proximate result of the Product's aforementioned defects as described herein, Plaintiff, has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

 56. Defendants are strictly liable to Plaintiff for designing, manufacturing, marketing, labeling, packaging and selling a defective product.

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400 FACSIMILE: (310) 793-1499 E-MAIL: ab@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

# FIFTH CAUSE OF ACTION

## FOR BREACH OF EXPRESS WARRANTY

### (By Plaintiff, RICHARD McLaughlin, Against

### J&J, ETHICON & DOES 1-50)

57.    Plaintiff incorporates by reference paragraphs 1-56 of this Complaint as if fully set forth herein.

58.    Defendants made assurances as described herein to the general public, hospitals and health care professionals that the Product was safe and reasonably fit for its intended purpose.

59.    Plaintiff and/or his healthcare provider chose the Product based upon Defendants' warranties and representations as described herein regarding the safety and fitness of the Product.

60.    Plaintiff, RICHARD McLaughlin, individually and/or by and through his physician, reasonably relied upon Defendants' express warranties and guarantees that the Product was safe, merchantable, and reasonably fit for its intended purpose.

61.    Defendants breached these express warranties because the Product implanted in Plaintiff, RICHARD McLaughlin, was unreasonably dangerous and defective as described herein and not as Defendants had represented.

62.    Defendants' breach of their express warranties resulted in the implantation of unreasonably dangerous and defective product in Plaintiff's body, placing said Plaintiff's health and safety in jeopardy.

63.    As a direct and proximate result of Defendants' breach of the aforementioned express warranties, Plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ob@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

treatment and corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## SIXTH CAUSE OF ACTION

## FOR BREACH OF IMPLIED WARRANTY

### (By Plaintiff, RICHARD McLaughlin, Against

### J&J, ETHICON & DOES 1-50)

64.    Plaintiffs incorporate by reference paragraphs 1-63 of this Complaint as if fully set forth herein.

65.    Defendants' impliedly warranted that the Product was merchantable and was fit for the ordinary purpose for which it was intended.

66.    When the Product was implanted in Plaintiff to treat his hernia, the Product was being used for the ordinary purposes for which it was intended.

67.    Plaintiff, individually and/or by and through his physician, relied upon Defendants' implied warranties of merchantability in consenting to have the Product implanted in him.

68.    Defendants breached these implied warranties of merchantability because the Product implanted in Plaintiff was neither merchantable nor suited for its intended use as warranted.

69.    Defendants' breach of its implied warranties resulted in the implantation of unreasonably dangerous and defective products in Plaintiff's body, placing Plaintiff's health and safety in jeopardy.

70.    As a direct and proximate result of Defendants' breach of the

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ob@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

aforementioned implied warranties, Plaintiff has experienced significant mental and physical pain and suffering, has sustained permanent injury, has undergone medical treatment and corrective surgery and hospitalization, has suffered financial or economic loss, including, but not limited to, obligations for medical services and expenses, lost income, and other damages.

## SEVENTH CAUSE OF ACTION

## FOR LOSS OF CONSORTIUM

### (By Plaintiff, EVE McLaughlin, Against All Defendants)

71.    Plaintiffs incorporate by reference paragraphs 1-70 of this Complaint as if fully set forth herein.

72.    Plaintiffs, RICHARD McLaughlin and EVE McLaughlin, at all times relevant to this action were, and are now, husband and wife.

73.    Prior to sustaining his physical and emotional injuries, plaintiff, RICHARD McLaughlin, was able to and did perform his duties as a husband. Subsequent to the injuries and as a direct result of the injuries, plaintiff, RICHARD McLaughlin, has been unable to perform services usually performed in the care, maintenance and management of the family home and will be unable to perform such duties in the future. By reason thereof, plaintiff EVE McLaughlin has been deprived of the society, comfort, affections, love, support, companionship, consortium and services of her spouse, including the performance of her spouse's necessary duties, all to the damage of plaintiff, EVE McLaughlin, in an amount which will be stated according to proof.

///

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

## ALLEGATIONS IN SUPPORT OF PUNITIVE DAMAGES

## FOR COUNTS 1-7 ABOVE

### (By All Plaintiffs, Against, J&J, ETHICON & DOES 1-50)

74.    Plaintiff incorporates by reference paragraphs 1-73 of this Complaint as if fully set forth herein.

75.    Defendants sold the Product to Plaintiffs' healthcare providers, and other healthcare providers in California, and throughout the United States, without doing adequate testing to ensure that the Product was reasonably safe for implantation for hernia repair.

76.    Defendants sold the Product to Plaintiffs' health care providers, and other health care providers in California, and throughout the United States, in spite of their knowledge that the Product can shrink and/or degrade inside the body, thereby causing severe and debilitating injuries suffered by Plaintiff and numerous other persons previously.

77.    Defendants ignored reports from patients and health care providers throughout the United States, and elsewhere, of the Product's failures to perform as intended, which led to the severe and debilitating injuries suffered by Plaintiff and numerous other persons.  Rather than doing adequate testing to determine the cause of these injuries, or to rule out the Product's designs, or the processes by which the Product is manufactured, as the cause of these injuries, Defendants chose instead to continue to market and sell the Product as safe and effective.

78.    Defendants knew the Product was unreasonably dangerous in light of their risks of failure, pain and suffering, loss of life's enjoyment, remedial surgeries and treatments in an effort to cure the conditions proximately related to the use of the

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ab@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Product, as well as other severe and personal injuries which were permanent and lasting in nature.

79.     Defendants withheld material information from the medical community and the public in general, including Plaintiff, regarding the safety and efficacy of the Product.

80.     Defendants knew and recklessly disregarded the fact that the Product caused debilitating and potentially life altering complications with greater frequency than feasible alternative methods and/or products used to treat hernia organ prolapse and stress urinary incontinence.

81.     Defendants misstated and misrepresented data and continue to misrepresent data so as to minimize the perceived risk of injuries caused by the Product.

82.     Notwithstanding the foregoing, Defendants continue to aggressively market the Product to consumers, without disclosing the true risks associated with the Product.

83.     Defendants knew of the Product's defective and unreasonably dangerous nature, but continue to manufacture, market, distribute, and sell the Product so as to maximize sales and profits at the expense of the health and safety of the public, including Plaintiff.

84.     Defendants continue to conceal and/or fail to disclose to the public, including Plaintiff, the serious complications associated with the use of the Product to ensure continued and increased sales of the Products.

85.     Defendants' conduct as described herein shows willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which raises the

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400    FACSIMILE: (310) 793-1499    E-MAIL: ab@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

presumption of conscious indifference to consequences, thereby justifying an award of punitive damages.

## EIGHTH CAUSE OF ACTION

### (For Professional Medical Negligence)

### (By Plaintiff, RICHARD McLaughlin, Against

### DENISE JOSEPH- BROWN, M.D. & DOES 51-100)

86.     Plaintiff incorporates herein by reference all prior allegations in this Complaint, paragraphs 1-85 inclusive.

87.     The defendants, and each of them, carelessly and negligently examined, screened, diagnosed, treated, and cared for plaintiff RICHARD McLaughlin in the form of patient, diagnosis, disclosure, providing of other necessary medical care to plaintiff RICHARD McLaughlin so as to directly and proximately cause permanent and irreparable harm.

88.     Plaintiff RICHARD McLaughlin was implanted with the polypropylene prolene hernia  mesh system, (hereinafter the "Product") during surgery performed by DENISE JOSEPH-BROWN, M.D. at the Los Alamitos Medical Center, Los Alamitos, California, on or about December 30, 2011.  The Product was implanted in Plaintiff to treat his hernia, the use for which the Product was designed, marketed and/or sold.  Subsequent to the implantation of the Product, RICHARD McLaughlin developed groin pain, back pain, neuropathy, neurolysis, and dysfunction of his lower extremities, the cause of which was not disclosed to him.

89.     On or about September 17, 2012, during an appointment to deal with his severe and debilitating symptoms, RICHARD McLaughlin was informed by Scott

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Martin, M.D., that the cause of his injury was that defendant, DENISE JOSEPH-BROWN, M.D., had caused the injury by damaging a nerve with the instrumentation used during the procedure.

90.     Plaintiff is informed and believes, and thereon alleges that the conduct of Defendants, and each of them, was below the standard of care and that such conduct was a substantial contributing factor to Plaintiff's harm.

91.     As a direct and proximate result of the conduct of the defendants, and each of them, plaintiff RICHARD McLaughlin was required to and did incur additional medical expense to treat his complications from the attempted hernia repair, and will continue to incur similar medical expenses into the future, in an amount according to proof at the time of trial.

92.     As a direct and proximate result of the conduct of the defendants, and each of them, plaintiff RICHARD McLaughlin has incurred a loss of earnings and will incur a loss of earning capacity in the future, in an amount to be established according to proof at the time of trial.

93.     As a direct and proximate result of the conduct of the defendants, and each them, plaintiff RICHARD McLaughlin has suffered non-economic damages, both in the past and the future, in an amount that will be established according to proof at the time of trial.

WHEREFORE, Plaintiffs demand a trial by jury, judgment against Defendants for:

1.     Compensatory damages to Plaintiff, RICHARD McLaughlin, for past, present, and future damages, including, but not limited to, pain and suffering for

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ob@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

severe and permanent personal injuries sustained by Plaintiff, RICHARD McLaughlin, health and medical care costs, together with interest and costs as provided by law;

3.     Compensation for all damages available to EVE McLaughlin, for her loss of consortium;

4.     The costs of these proceedings;

5.     All ascertainable economic and noneconomic damages;

6.     Punitive damages on counts 1- 7 only; Plaintiff EVE McLaughlin does not seek punitive damages as against DENISE JOSEPH-BROWN, M.D., at this time, as compliance with C.C.P. Section 425.13, is a prerequisite to her seeking the same.

7.     Such other and further relief as this Court deems just and proper.


PLAINTIFFS DEMAND A TRIAL BY JURY.


DATED:   March 13, 2014           **AGNEW**BRUSAVICH
                                   A Professional Corporation



                                   By: _____
                                       TOBIN D. ELLIS
                                       Attorneys for Plaintiffs

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ab@agnewbrusavich.com

PLAINTIFFS' FIRST AMENDED COMPLAINT

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400   FACSIMILE: (310) 793-1499   E-MAIL: ab@agnewbrusavich.com

1

2

## PROOF OF SERVICE

3    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is **AGNEW**BRUSAVICH, 20355 Hawthorne Blvd., 2nd Floor, Torrance, California.  On March 14, 2014, I served the within document **PLAINTIFFS' FIRST AMENDED COMPLAINT.**

4

5    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

6

7    ☐    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Torrance, California, addressed as set forth below:

8

9    ☐    by placing a true copy thereof enclosed in a sealed envelope(s), and caused such envelope(s) to be delivered by hand delivery addressed pursuant to the document(s) listed above to the person(s) at the address(es) set forth below.

10

11    ☐    by electronic service.  Based on a court order or an agreement of the parties to accept service by electronic transmission.  I caused the documents to be sent to the persons at the electronic notification addresses as set forth below:

12

13

| | |
|---|---|
| 14  Mollie F. Benedict<br>Joshua J. Wes<br>15  TUCKER ELLIS LLP<br>515 South Flower Street<br>16  Forty-Second Floor<br>Los Angeles, CA 90071-2223<br>17  mollie.benedict@tuckerellis.com<br>joshua.wes@tuckerellis.com | ATTORNEYS FOR DEFENDANTS<br>ETHICON, INC. and JOHNSON &<br>JOHNSON<br><br><br><br>FAX (213) 430-3409<br>(213) 430-3400 |
| 18  Douglas A. Amo<br>19  Fredrick James<br>Stephanie R. Hanning<br>20  SCHMID & VOILES<br>333 City Boulevard West<br>21  Suite 2000<br>Orange, CA 92868<br>22  damo@schmidvoiles.com<br>fjames@schmidvoiles.com<br>23  shanning@schmidvoiles.com | ATTORNEYS FOR DEFENDANT DENISE<br>JOSEPH-BROWN, M.D.<br><br><br>FAX (714) 940-5594<br>(714) 940-5555 |

24

25    I am readily familiar with the firm's practices of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if post cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

26

27

28

1   ☐   (State) I declare under penalty of perjury under the laws of the State of
2        California that the above is true and correct.

3   ☒   (Federal) I declare that I am employed in the office of a member of the
         bar of this court at which direction the service was made.

4   Executed this 14th day of March, 2014 at Torrance, California.

5

6                                    _____

7                                    Jah Dunn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AGNEW BRUSAVICH
LAWYERS
20355 HAWTHORNE BOULEVARD · TORRANCE, CALIFORNIA 90503-2401
TELEPHONE: (310) 793-1400     FACSIMILE: (310) 793-1499     E-MAIL: ab@agnewbrusavich.com